UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IMMIGRATION AND NATURALIZATION SERVICE, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-04157-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR CERTIFICATE OF CITIZENSHIP, PASSPORT AND TRAVEL PAPERS**<br><br>Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiff, an inmate at the Yolo County Jail who is proceeding without representation by an attorney, filed this civil action. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the Complaint is DISMISSED without leave to amend for failure to state a claim that is capable of judicial determination, and his motion for "certificate of citizenship and travel papers and passport" (ECF No. 11) is DENIED.

## BACKGROUND

Plaintiff alleges he is not a United States citizen, and in 2006 the Immigration and Naturalization Services ("I.N.S.")[1] detained him "for deportation" based upon a conviction for robbery. (ECF No. 1 at 1.) After receiving a "second chance," he "continued being a career criminal and breached that contract agreement" with convictions in state court for carjacking, escape, and weapons charges between 2006 and 2024. (*Id.*) He asserts his appointed attorney from the Public Defender's Office of Santa Clara County is "ineffective" and alleges she is "extorting me by embarrassment publishing and distributing my (SCAR) Suspected Child Abuse Report." (*Id.* at 2.) He made "many attempts" to request his "Yolo County Attorney to hand over

---

[1] The I.N.S. is now the Department of Immigration and Customs Enforcement ("I.C.E.").

this sincitive [sic] SCAR material but he is amazed with it." (*Id.*) He alleges the "Yolo County Court, the F.B.I., and the Santa Clara County Court refus[e] to prosecute me for my crime I committed." (*Id.*) He states he does not "feel safe in the United States." (*Id.*) He seeks to be removed "to federal court for deportation and change of venue." (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIM

Plaintiff's Complaint seeking for "removal" to federal court "for deportation" is not capable of judicial determination. The Department of Immigration and Customs Enforcement (formerly the I.N.S.) is the agency responsible for deportation of non-citizens, so Plaintiff may contact that agency to learn the process and options for him for deportation. The Court is not aware of any authority, and Plaintiff cites none, under which it has the power to order his deportation. Nor is the Court aware of any authority, and Plaintiff cites none, under which it may "remove" his state court criminal case to federal court. The federal removal statute applies to civil cases, not criminal cases. *See* 28 U.S.C. § 1446. For these reasons, the Complaint seeking deportation is not capable of judicial determination.

Plaintiff has filed a motion for "certificate of citizenship and travel papers and passport." (ECF No. 11.) In this motion, he requests to "withdraw" his request for deportation, "exercise his right to be a citizen in the United States," and obtain "citizenship, travel papers, and visa passport." (*Id.* at 2.) The Court is not aware of any authority, and Plaintiff cites none, empowering it to grant citizenship, a visa, a passport, or other "travel papers" to Plaintiff. Plaintiff may pursue his requests for a United States citizenship and/or passport by contacting the

Department of Homeland Security, which is the agency that oversees I.C.E. and is responsible for granting United States citizenship and passports.

## CONCLUSION

For the reasons discussed above, the case is DISMISSED without leave to amend. The motion for a certificate of citizenship, a passport, and travel papers is DENIED.

This order resolves docket number 11.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 10, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3